RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0199p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

JOSEPH MUNIZ,

      *Petitioner-Appellant,*

    *v.*

WILLIE SMITH,

      *Respondent-Appellee.*

No. 09-2324

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 08-11785—Patrick J. Duggan, District Judge.

Decided and Filed: July 29, 2011

Before: KENNEDY, SILER, and McKEAGUE, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Andrew L. Shirvell, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Respondent. Joseph Muniz, Ionia, Michigan, pro se.

_____

## OPINION

_____

SILER, Circuit Judge. Petitioner Joseph Arthur Muniz filed a petition for a writ of habeas corpus challenging his state conviction for the 2004 shooting of Pedro Gutierrez. Muniz attacks his conviction on the ground that he was denied his Sixth Amendment right to counsel when his attorney fell asleep while Muniz was being cross-examined by the government. The district court denied Muniz's petition, as well as his request for an evidentiary hearing. For the reasons stated below, we **AFFIRM**.

1

**I.**

Muniz is currently incarcerated in Michigan. In his trial held in the Circuit Court for Wayne County, Michigan, he was convicted of assault with intent to commit murder, felon in possession of a firearm, and felony firearm. Muniz was then sentenced as a second habitual offender to 29-1/2 to 60 years for the assault with intent to commit murder conviction, to run concurrently with a sentence of 40 to 60 months for the felon in possession of a firearm conviction. He was also sentenced to a consecutive term of two years for the felony firearm conviction.

The events that gave rise to Muniz's conviction occurred when Gutierrez, the boyfriend of Muniz's ex-girlfriend, was shot non-fatally twice, in the arm and head. Muniz conceded at trial that he was present with a gun at the crime scene, but claimed that another, unidentified person fired the shots that harmed Gutierrez.

Muniz subsequently filed a direct appeal as of right with the Michigan Court of Appeals. *People v. Muniz*, No. 259291, 2006 WL 2708587 (Mich. Ct. App. Sept. 21, 2006). He raised several points of error, including a claim that his Sixth Amendment right to counsel was violated because he received ineffective assistance of counsel when his attorney fell asleep while Muniz was being cross-examined by the government. *Id.* at *4-5. The court rejected all of Muniz's claims of error and affirmed the judgment. *Id.* at *5. It also declined to remand his ineffective assistance claim for an evidentiary hearing, holding Muniz "ha[d] not established that an evidentiary hearing to substantiate his position [was] warranted." *Id.* Muniz subsequently was denied leave to appeal by the Michigan Supreme Court. *People v. Muniz*, 726 N.W.2d 18 (Mich. 2007).

He then sought habeas relief in the United States District Court for the Eastern District of Michigan. In his petition, he raised multiple grounds for habeas relief, including that he is entitled "to a new trial because his Sixth Amendment right to the presence of counsel at a critical stage of proceedings was violated." In support of this contention, he claimed his attorney was asleep during the government's cross-examination of him. The district court denied habeas relief on all of Muniz's assignments of error and denied him an evidentiary hearing on his ineffective assistance

claim. It granted a certificate of appealability with respect to the issue of "[w]hether Petitioner was denied the effective assistance of trial counsel."

**II.**

The Sixth Amendment right to counsel guarantees that "at trial and on direct . . . appeal every criminal defendant will have access to a lawyer to assist with his or her defense." *Nichols v. United States*, 563 F.3d 240, 248 (6th Cir. 2009). This constitutional right "means the right to the *effective* assistance of counsel." *Id.* (internal quotation marks omitted).

We review "de novo a district court's decision to grant or deny a petition for a writ of habeas corpus." *Stewart v. Wolfenbarger*, 595 F.3d 647, 652 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 650 (2010). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, governs, because Muniz's habeas petition was filed in 2008. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997) (holding that AEDPA applies to those habeas petitions filed after its enactment).[1] We may only grant habeas relief for a person in state custody with respect to a claim that was adjudicated on the merits in state court if the state court's ruling: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established federal law where "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court]

---

[1] The Michigan Court of Appeals held that Muniz's ineffective assistance of trial counsel claim was reviewed only for plain error, since the issue was not presented to the trial court. *Muniz*, 2006 WL 2708587, at *5. However, no procedural waiver properly applies since the Michigan court cites no basis in Michigan law for concluding that the failure to object to ineffective assistance of counsel at the trial level results in plain error review. *See Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (requiring a state procedural rule must be applicable to a petitioner's claim before procedural default applies). The court merely cited case law creating a general principle of plain error review for failure to object at the trial level. *Muniz*, 2006 WL 2708587, at *5 (citing *People v. Carines*, 460 Mich. 750, 763-65 (Mich. 1999)). Further, since the Michigan Court of Appeals did "reason on the merits," AEDPA deference still applies to this claim. *Fleming v. Metrish*, 556 F.3d 520, 531-32 (6th Cir. 2009).

has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme Court]'s decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

**A. The State Court Properly Applied the *Strickland* Standard to Muniz's Claim**

Muniz contends the state court's decision was contrary to clearly established federal law because it applied the ineffective assistance standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984), rather than the standard set out in *United States v. Cronic*, 466 U.S. 648 (1984).

In *Strickland*, the Supreme Court held that in order to successfully claim a lawyer's assistance was so ineffective as to violate the Sixth Amendment a defendant must meet two requirements. "First, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* In *Cronic*, however, the Supreme Court held there are circumstances "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified" and prejudice is presumed. 466 U.S. at 658. The "[m]ost obvious" of these circumstances is "the complete denial of counsel." *Id.* at 659. Where the defendant "is denied counsel at a critical stage of his trial," we are required "to conclude that a trial is unfair," and an independent showing of prejudice is not required. *Id.*

The Ninth, Fifth, and Second Circuits have all considered the question of when sleeping by trial counsel becomes the effective denial of counsel and "so likely . . . prejudice[s] the accused" that *Cronic* applies and prejudice is presumed. All of these circuits have held that the denial of counsel with presumed prejudice only occurs once counsel sleeps through a "substantial portion of [defendant's] trial." *Javor v. United States*, 724 F.2d 831, 834 (9th Cir. 1984); *see also Burdine v. Johnson*, 262 F.3d 336, 340-41 (5th Cir. 2001) (en banc) (concluding a defendant's right to counsel was violated where defense counsel was "repeatedly unconscious through not insubstantial portions

of the defendant's capital murder trial"); *Tippins v. Walker*, 77 F.3d 682, 685 (2d Cir. 1996) (holding the defendant's right to counsel was violated where defense counsel was asleep for "numerous extended periods of time").

However, Muniz cannot establish that his trial counsel was asleep for a substantial portion of his trial. The only evidence he offers to show that his counsel was asleep for any period of time is an affidavit from a juror, which states, in relevant part:

> 4. While the prosecutor was cross-examining Mr. Muniz, I glanced at defense table and was surprised to see that Mr. Muniz'[s] defense attorney [was] sleeping;
>
> 5. It was apparent to me that Mr. Muniz'[s] attorney was actually sleeping through a portion of his client's testimony.

This alleges only that Muniz's attorney was asleep for an undetermined portion of a single cross-examination. The record shows that Muniz's attorney was not asleep for the entire cross since he objected near the end of the questioning. This is especially significant, given that the total cross-examination was fairly short, spanning only 26 pages of trial transcript. Muniz's lawyer therefore must have only been asleep for a brief period. This is in contrast to *Tippins*, in which the trial judge himself "testified that [defense counsel] 'slept every day of the trial.'" 77 F.3d at 687. The state court's application of *Strickland* to Muniz's ineffective assistance of counsel claim was not contrary to clearly established federal law.

**B. Muniz's Ineffective Assistance Claim Does Not Satisfy the *Strickland* Standard**

Muniz further contends that even if *Strickland* applies to his claim, his habeas petition should still be granted because the state court unreasonably applied federal law in concluding his claim did not satisfy the *Strickland* standard. In reviewing Muniz's claim, we incorporate both the *Strickland* and AEDPA standards. *Tibbetts v. Bradshaw*, 633 F.3d 436, 442 (6th Cir. 2011). Therefore, even if we conclude that Muniz has satisfied *Strickland*, "we must still ask whether the state court's conclusion to the contrary was 'objectively unreasonable.'" *Id.*

To establish deficient performance under *Strickland*, Muniz "must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal quotation marks omitted). In this regard, "[t]he burden is on the defendant to make such a showing by identifying the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Tibbetts*, 633 F.3d at 442 (quoting *Phillips v. Bradshaw*, 607 F.3d 199, 209 (6th Cir. 2010)) (internal quotation marks omitted).

While no evidentiary hearing has been held at the state or federal level on this claim, by putting forward the affidavit of a juror who witnessed Muniz's attorney sleeping Muniz has made a sufficient showing that the standard of conduct by his attorney fell below the objective standard of reasonableness. There is no suggestion in the government's brief, nor could there be, that Muniz's attorney fell asleep at trial because in his "reasonable professional judgment" it was the best course of action.

Muniz, however, cannot show prejudice from his attorney's deficient performance. "To establish prejudice, [Muniz] must show that a reasonable probability exists that, but for counsel's deficient performance, the result of the proceedings would have been different." *Tibbetts*, 633 F.3d at 442. In attempting to demonstrate prejudice arising from counsel's slumber, Muniz first points to the admission during his cross-examination of a 911 call made by his mother and a police detective's testimony in contradiction of his testimony on cross-examination. However, he fails to show that there is a reasonable probability his counsel could have prevented either of these prejudicial events from occurring had he been awake—much less that it would have affected the outcome of the trial. Rather, both of these pieces of evidence became admissible because of misguided responses by Muniz himself, not improper questions.

Muniz also points to the prosecutor's questions on cross-examination asking him to assess the credibility of other witnesses and the prosecutor's use of his responses in his closing statement as establishing prejudice. The prosecutor stated in his closing, "[Muniz] takes the stand and he tells you everybody is lying." Under Michigan law, it is "improper for the prosecutor to ask [the] defendant to comment on the credibility of

prosecution witnesses." *People v. Buckey*, 378 N.W.2d 432, 439-40 (Mich. 1985). Presumably, then, if counsel had properly objected, this line of questioning would have been excluded. This, however, falls far short of establishing a reasonable probability of a different outcome.

The trial evidence against Muniz was overwhelming. A passenger in the car in which Gutierrez had been traveling before the conflict with Muniz testified he saw Muniz shoot Gutierrez in the face. Gutierrez himself testified that Muniz shot him. A Detroit police officer confirmed Gutierrez's testimony by stating that Gutierrez told him he was shot by Muniz, while he was lying seriously injured at the scene. Even Muniz's mother testified against him, stating he called her and confessed to shooting Gutierrez.

Muniz also raises a related ineffective assistance of counsel claim that asserts his attorney was ineffective because he was using cocaine at the time of his trial. Muniz's lawyer was arrested in July 2004 and charged on August 4, 2004, for possession of cocaine. This charge occurred approximately three weeks before he entered the case as counsel of record. Though counsel's license to practice law was subsequently suspended, he was licensed at the time of the trial.

Muniz offers no evidence to show his attorney was using drugs during the trial. In an attempt to show prejudice, he points to a litany of supposed errors committed by his attorney due to his drug use, including a bad direct examination of the defense's private investigator, judicial anger over defense counsel's errors, and a number of other complaints that emphasize general incompetence. However, given the incredible strength of the case against him, he cannot show he was sufficiently prejudiced by these mistakes. This claim fails as well.

### III.

Muniz contends that even if the district court did not err in denying his petition for a writ of habeas corpus, it erred by failing to grant him an evidentiary hearing on his ineffective assistance of counsel claim premised on his attorney's sleeping.

We review a district court's denial of a habeas evidentiary hearing for an abuse of discretion. *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009). In determining whether to grant an evidentiary hearing, a habeas court must "consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *accord Cornwell*, 559 F.3d at 410. A district court is not required to hold an evidentiary hearing if the record "precludes habeas relief." *Schriro*, 550 U.S. at 474. The district court did not abuse its discretion in denying Muniz an evidentiary hearing. His factual allegations, at best, set out that his attorney was asleep for a portion of a single cross-examination. However, as discussed above, Muniz must show that his attorney slept through a substantial portion of the trial for the *Cronic* presumption of prejudice to attach. *Strickland* therefore applies to Muniz's claims, and Muniz has not alleged sufficient mistakes to satisfy its prejudice requirement.

**AFFIRMED.**