NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0274n.06

Nos. 09-2134/09-2641

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Mar 13, 2012**

LEONARD GREEN, Clerk

DEAN GUSTAFSON,                              )
                                             )
    Petitioner-Appellant,                    )          ON APPEAL FROM THE UNITED
                                             )          STATES DISTRICT COURT FOR
v.                                           )          THE EASTERN DISTRICT OF
                                             )          MICHIGAN
SHERRY L. BURT, Warden,                      )
                                             )
    Respondent-Appellee.                     )

Before:  KEITH, MARTIN, and BOGGS, Circuit Judges.

PER CURIAM.  Dean Gustafson, a Michigan prisoner represented by counsel, was convicted of armed robbery and possession of a firearm during the commission of a felony.  After he was denied relief by the state courts on direct and collateral review, Gustafson filed a habeas corpus petition under 28 U.S.C. § 2254.  The district court denied his request for an evidentiary hearing and denied the petition.  On appeal, Gustafson challenges the denial of his request for an evidentiary hearing.  For the following reasons, we affirm.

Gustafson's convictions arise from the robbery of a convenience store on November 30, 1997.  At trial, Sarah Sayers, the only employee working at the time of the robbery, identified Gustafson as the perpetrator, although defense counsel elicited testimony from Sayers that the composite sketch produced by the police based on her initial description looked significantly different than Gustafson.  Two other individuals who were charged in connection with the offense, Gustafson's girlfriend Wendy Kriesel, and his friend Christopher Williams, testified against Gustafson in exchange for favorable plea deals.

On direct appeal, Gustafson raised several claims of ineffective assistance of counsel and moved for an evidentiary hearing pursuant to *People v. Ginther*, 212 N.W.2d 922, 924-25 (Mich. 1973). The state court of appeals denied the motion for a *Ginther* hearing, reviewed Gustafson's ineffective assistance of counsel claims on the existing record, and affirmed Gustafson's convictions. *See People v. Gustafson*, No. 215546, 2000 WL 33421437 (Mich. Ct. App. May 5, 2000). The Michigan Supreme Court denied leave to appeal. Gustafson subsequently filed a motion for relief from judgment, raising additional ineffective assistance of counsel claims, and again moving for a *Ginther* hearing. The trial court declined to grant a *Ginther* hearing, and denied the motion for relief from judgment, stating that the issues raised had either been decided on direct appeal, or did not "merit review." The Michigan Court of Appeals and the Michigan Supreme Court denied Gustafson leave to appeal in standard form orders, citing Michigan Court Rule 6.508(D).

In his pro se habeas corpus petition, Gustafson raised thirteen grounds for relief and sought an evidentiary hearing on his ineffective assistance of counsel claims. The district court denied the petition without addressing Gustafson's request for an evidentiary hearing. (Case No. 09-2134). Gustafson retained counsel and filed a motion for reconsideration, asking the district court to grant his request for an evidentiary hearing. The district court directed additional argument on whether an evidentiary hearing was warranted on Gustafson's claims that his trial counsel was ineffective for failing: 1) to move to suppress videotape evidence from another convenience store in the area and testimony from two store employees; 2) to move to suppress identification testimony from Sayers; 3) to obtain letters written by Kriesel and use them to impeach her at trial; and 4) to investigate his co-defendants' criminal backgrounds to impeach them at trial.

After reviewing the additional submissions, the district court denied the motion for reconsideration. The court concluded that, although Gustafson was not at fault for his failure to develop a factual basis for his claims in state court, an evidentiary hearing was not warranted because Gustafson did not allege facts that, if proven, would entitle him to habeas corpus relief. (Case No. 09-2641). The district court granted Gustafson a certificate of appealability on the four claims noted above.

The Supreme Court recently held that, when a claim has been "adjudicated on the merits" by a state court, federal habeas review "is limited to the record that was before the state court" at the time of its decision. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). In response to our request for supplemental briefing on the effect of *Pinholster* in this case, the state argues that Gustafson's ineffective assistance of counsel claims were rejected on the merits in state court and that, as a result, an evidentiary hearing is precluded under *Pinholster*. Gustafson, relying on Justice Breyer's concurring opinion, counters that *Pinholster* does not preclude an evidentiary hearing because he was denied the opportunity to make a record in state court and, assuming the truth of his allegations, he is entitled to relief on his claims. *See id*. at 1412 (Breyer, J., concurring). We assume, without deciding that Gustafson's ineffective assistance of counsel claims were not adjudicated on the merits by the state court, that *Pinholster* does not apply, and that it was within the district court's discretion to grant an evidentiary hearing. *See Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011).

We review the district court's denial of an evidentiary hearing for an abuse of discretion. *See Muniz v. Smith*, 647 F.3d 619, 625 (6th Cir. 2011). To determine whether an evidentiary hearing is warranted, the court "must 'consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Id.* (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)). Because Gustafson failed to articulate facts that, if proven, would entitle him to relief on his claims, the district court did not abuse its discretion by denying him an evidentiary hearing. *See id.*; *Post v. Bradshaw*, 621 F.3d 406, 419 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 2902 (2011).

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney made errors so serious that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment, and that the attorney's deficient performance was prejudicial, i.e., there is a reasonable probability that, but for the errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Regarding Gustafson's claim that his trial counsel should have moved to suppress evidence that he was at another convenience store in the area on the night of the robbery, the Michigan Court of Appeals ruled that this evidence was properly

admitted. *Gustafson*, 2000 WL 33421437, at *1. Accordingly, regardless of what testimony might be presented at an evidentiary hearing, Gustafson cannot establish deficient performance or prejudice arising from counsel's failure to move to suppress this evidence.

As to Gustafson's second claim, which is based on trial counsel's failure to suppress Sayers's identification testimony, Gustafson argues that an evidentiary hearing is required to determine whether trial counsel's decision was strategic or constituted an oversight. The district court noted that trial counsel extensively cross-examined Sayers concerning her identification of Gustafson. Counsel elicited testimony from her and from a police officer that there were significant discrepancies between Sayers's description of the perpetrator and Gustafson, that the composite sketch based on Sayers's description bore little resemblance to Gustafson. and that Sayers's identification was based, in part, on photographs from the other convenience store. Accordingly, counsel's performance in this regard was not deficient. Moreover, given that the weaknesses in Sayers's identification were presented to the jury, Gustafson cannot demonstrate that the outcome of the trial would have been different if her testimony had been excluded.

Gustafson has also failed to articulate facts that, if proven, would entitle him to relief on his claim that his trial counsel was ineffective for failing to impeach Kriesel with her criminal history, which included a retail fraud conviction, and with letters she allegedly wrote to Gustafson. The jury was aware that Kriesel had been charged in connection with the robbery and that her plea deal was conditioned on her testimony against Gustafson. Further, the district court found that the letters allegedly written by Kriesel were of questionable authenticity and lacked probative weight. Under these circumstances, even if it is assumed that counsel performed deficiently by not impeaching Kriesel with this evidence, Gustafson cannot demonstrate prejudice.

Because the district court did not abuse its discretion by denying an evidentiary hearing, we affirm the district court's judgment and its order denying the motion for reconsideration.