ALICE M. BATCHELDER, Circuit Judge,
dissenting.
In Muniz v. Smith, 647 F.3d 619, 621 (6th Cir.2011), a criminal defense attorney fell asleep while the government was cross-examining his client, defendant Mun-iz, on charges of assault with intent to commit murder, felon in possession of a firearm, and carrying a concealed weapon. In his federal habeas claim of ineffective *287 assistance of counsel, Muniz argued that the state court had erred by applying the Strickland standard rather than Cronic. Id. at 628. We rejected this argument, holding that “Muniz must show that his attorney slept through a substantial portion of the trial for the Cronic presumption of prejudice to attach.” Id. at 625, 623. After deducing that Muniz’s attorney “must have only been asleep for a brief period,” not the entire cross-examination, we denied Muniz habeas relief because “[t]he state court’s application of Strickland to Muniz’s ineffective assistance of counsel claim was not contrary to clearly established federal law.” Id. at 624.[1]
With this in mind, I find that I must dissent here. I agree that the issue here is not whether Donald suffered prejudice from his attorney’s absence, but whether his attorney was absent from a critical stage such that Cronic applies to his claim of ineffective assistance of counsel. See Lead Op. at 283-84; Concur. Op. at 286 (“[T]he question presented on direct appeal was whether the temporary absence of counsel during that portion of the trial constituted a ‘critical stage’ of the criminal proceedings so as to come within the exception to Strickland carved out by Cronic[.T). I further agree with the concurring opinion that “[t]he Supreme Court has not articulated a comprehensive and final one-line definition of critical stage,” and that the Sixth Circuit “has grappled with the Supreme Court’s definitions and observed that not every ex parte situation or temporary absence of defense counsel during trial involves a critical stage of the criminal proceedings.” Concur. Op. at 286 (citations and certain quotation marks omitted). This alone is enough to require the conclusion that there is no clearly established Supreme Court precedent dictating that the taking of evidence at trial is always a critical stage for the purpose of invoking Cronic; nonetheless, if that were all then I might be inclined to join the concurring opinion.[2] But I believe that, with our holding in Muniz, 647 F.3d at 625, we have set out a standard to govern our determination of whether the taking of evidence during trial was a critical stage: 1. e., whether the attorney was absent for a substantial portion of that testimony.
Note that, for the Cronic analysis, there is no difference between an attorney’s being asleep and an attorney’s being absent. See id. at 623 (citing federal cases); Strickland, 466 U.S. at 703 n. 2, 104 S.Ct. 2052 (noting that “sleeping counsel is equivalent to no counsel at all” (quotation marks and citations omitted)). Therefore, we cannot distinguish Muniz on the basis that one attorney was sleeping whereas the other was absent from the courtroom. Rather, it appears that Muniz is binding precedent and, to invoke Cronic here, Donald must show that his attorney was absent for a “substantial portion.” Id. at 623.
*288 Given our holding that Muniz’s attorney’s absence was insubstantial (and, therefore, the state court’s application of Strickland was not contrary to clearly established law), it further appears that we are bound to conclude similarly that Donald’s attorney’s absence was equally (or more) insubstantial, and the state court’s application of Strickland was equally appropriate.
One could argue that Donald’s attorney’s absence was actually more substantial because Muniz’s attorney was asleep for only “an undetermined portion of a single cross-examination,” id. at 624, while Donald’s attorney was absent for a 17-minute portion of a witness’s testimony (but note that Muniz, 647 F.3d at 623, cited only cases involving substantially longer and more frequent absences). Indeed, the lead opinion suggests that a difference between a few minutes and 17 minutes is meaningful, and that might be so, but I am not persuaded that it is meaningful here. I find it at least comparably relevant that both were single “absences” that spanned a portion, but not all, of the testimony — Muniz’s attorney was absent for a portion of his cross-examination and Donald’s attorney was absent for a portion of the phone-record-witness testimony. Furthermore, it perhaps bears consideration that in Donald’s attorney’s absence other co-defendants’ counsel were present and, in fact, conducting cross-examination, whereas nothing in the Muniz opinion suggests that any other defense counsel were present while counsel slept.
On the other hand, one could make a compelling argument that Donald’s attorney’s absence was far less substantial. Muniz’s attorney slept while the prosecutor cross-examined defendant Muniz — if there is a more “substantial” portion of a criminal trial than the prosecutor’s cross-examination of a testifying defendant, it is not obvious what it would be. In contrast, Donald’s attorney was absent while the prosecutor introduced the co-defendants’ telephone records and while one co-defendant’s counsel cross-examined the witness about the same. Not only did Donald’s counsel expressly disclaim any interest in that testimony, both before and after his absence, no one else then present expressed any concern about his absence: not Donald, the judge, the prosecutor, or any co-defendant’s counsel. The difference in circumstances is stark.
Because I find that Muniz controls and Donald cannot show that his attorney was absent for a substantial portion of the trial, I would conclude that Cronic does not apply and the state court’s application of Strickland was not contrary to clearly established federal law. I would therefore reverse the district court and deny habeas relief.
I respectfully dissent.

. Because Muniz was a habeas claim governed by AEDPA, we were assessing the state of the law at the time of the last state court decision, which was September 21, 2006. As the lead opinion states correctly, Donald’s last state court decision (April 10, 2008) pre-dates Muniz by three years and, therefore, Muniz could provide no guidance to the Donald court. Moreover, Muniz is not Supreme Court precedent. It is instead our holding of Supreme Court precedent on this issue as of September 2006. Therefore, I would follow our Muniz precedent here.

. As an aside, I certainly agree that a defendant can waive the right to counsel and, therefore, we would confront a different scenario if — as the concurring opinion proposes — the trial judge had asked and Donald had expressly consented to his counsel's absence, but I cannot agree to any implication that a defendant’s consent or waiver can change a critical stage to a non-critical stage (or vice versa) for purposes of Cronic.