NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0620n.06

No. 16-1687

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS<br>FOR THE SIXTH CIRCUIT | | **FILED**<br>Nov 09, 2017<br>DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| JARRHOD S. WILLIAMS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DEWAYNE BURTON, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE: KEITH, ROGERS, and McKEAGUE, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Jarrhod Williams ("Williams"), a Michigan prisoner proceeding through counsel, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant 28 U.S.C. § 2254. In his petition, Williams primarily raised claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and also requested an evidentiary hearing. The district court denied the petition on the merits, but granted a Certificate of Appealability on the issue of whether an evidentiary hearing should be granted. The Certificate of Appealability was later expanded by this court to include three of petitioner's substantive claims. Because the district court did not abuse its discretion in failing to grant an evidentiary hearing, nor otherwise err in its decision to deny Williams' petition on the merits, we affirm.

## I.     BACKGROUND

### A.  *Underlying State Court Proceedings*

In 2007, D'Anglo Savage and Tommy Haney were shot to death while sitting in a parked vehicle in Detroit.  *People v. Williams*, No. 292909, 2010 WL 4026077, at *1 (Mich. Ct. App. Oct. 14, 2010).  The Detroit Police arrested Williams shortly after their deaths.  *Id.*  During questioning following his arrest, Williams confessed to shooting multiple rounds from an AK-47 assault rifle into Savage's vehicle in order to avenge the deaths of Williams' cousins, who were killed two days earlier.  *Id.*  On July 10, 2007, Williams was arraigned before Wayne County Circuit Court Judge David Allen on two counts of first-degree premeditated murder, and one count of possession of a firearm during the commission of a felony ("felony firearm").  Judge Allen thereafter presided over a bench trial in the matter, which began on March 26, 2008.

During the bench trial, the prosecutor presented evidence that Williams was the only shooter (hereafter referred to as the "one-shooter theory").  This theory was based on a Detroit Police Department investigation and related forensic testing.  However, experts from the Michigan State Police testified that shell casings recovered from the crime scene actually showed the presence of two guns, as opposed to one.  This expert testimony raised serious questions about the accuracy of the forensic testing underlying the prosecution's theory of the case.  Judge Allen eventually declared a mistrial and subsequently recused himself.  The case was then reassigned to Judge Timothy Kenny.

Before the re-trial, the prosecution offered a plea deal to drop the two first-degree murder charges if Williams pled no contest to a new charge of second-degree murder and to the felony-firearm charge.  Under that agreement, Williams would be sentenced to twelve to thirty years in prison for second-degree murder, and a consecutive two-year term for felony firearm.  Williams

accepted the plea and sentencing was scheduled; however, prior to sentencing, Williams moved to withdraw his plea and the trial court granted his motion.

On March 5, 2009, at a hearing before the second trial was commenced, Williams' trial counsel Marvin Barnett ("Barnett") appeared before Judge Kenny to argue various pretrial motions. During a soliloquy, Barnett stated on the record that he never negotiates with the prosecutor's office. Barnett further stated that the deal for his client, Williams, was inappropriate and that he was not willing to trade two deaths for ten years, noting that "[t]he bodies of these persons were worth more than 10 to 12 years and it was wrong . . . . I'm fighting for everybody here today and the family."

Later in the hearing, Barnett asserted that the prosecution should not be permitted to deviate from the one-shooter theory at the second trial and should not be able to argue that Williams was guilty under the theory that he aided and abetted a second shooter. Barnett acknowledged that his argument was a "stretch," and that he only brought it up because of something the prosecutor said "during this [h]earing." Judge Kenny rejected this argument. After Williams' second trial, a jury convicted him on all counts, and he was sentenced to two life terms in prison without the possibility of parole, and to a consecutive two-year term for the felony-firearm conviction.

Williams' convictions and sentence were affirmed on appeal, and the Michigan Supreme Court denied leave to appeal. *People v. Williams*, 795 N.W.2d 24 (Mich. 2011). Williams then filed a Motion for Relief from Judgment pursuant to Michigan Court Rule 6.500, which the trial court denied. The court of appeals and the Michigan Supreme Court subsequently denied leave to appeal.

### B. Procedural History

On June 14, 2014, Williams filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising the following claims: (1) denial of due process when the trial court, in its decision denying his Rule 6.500 motion, erroneously deemed procedurally barred his claim that trial counsel performed ineffectively by wrongly advising him about the one-shooter theory, which led to his plea withdrawal; (2) trial counsel performed ineffectively by wrongly advising him about the one-shooter theory at his second trial and because counsel also had conflicts of interest; and (3) appellate counsel performed ineffectively by failing to raise the above claims regarding his trial counsel's performance. Williams also moved for an evidentiary hearing.

The district court denied Williams' motion for an evidentiary hearing and denied the petition, but granted a Certificate of Appealability on the issue of whether the district court should have granted an evidentiary hearing. Williams filed a timely notice of appeal on May 24, 2016, and this Court subsequently expanded the Certificate of Appealability to add the following claims: (1) whether Williams was denied due process when the district court concluded that Williams' ineffective assistance of counsel claim, related to the prosecution's one-shooter theory, had been addressed in state court; (2) the underlying substantive claim concerning counsel's advice on the one-shooter theory at trial, and whether such advice amounted to ineffective assistance of counsel; and, (3) Williams' ineffective assistance of appellate counsel argument concerning trial counsel's performance with regard to the one-shooter theory.

## II. DISCUSSION

### A. <u>Standard of Review</u>

In an appeal from a district court's denial of a § 2254 petition, we review the district court's legal conclusions de novo and its factual findings for clear error. *Dando v. Yukins*,

461 F.3d 791, 795-96 (6th Cir. 2006). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief with respect to a claim adjudicated on the merits in state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established federal law where 'the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Muniz v. Smith*, 647 F.3d 619, 623 (6th Cir. 2011) (quoting *Terry Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's decision is an unreasonable application of clearly established federal law if 'the state court identifies the correct governing legal principle from [the Supreme Court]'s decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Muniz*, 647 F.3d at 623 (quoting *Terry Williams*, 592 U.S. at 413).

On habeas review, the "proper inquiry" is "whether the state court decision was objectively unreasonable and not simply erroneous or incorrect." *Keith v. Mitchell*, 455 F.3d 662, 669 (6th Cir. 2006) (citing *Terry Williams*, 529 U.S. at 409-11). When "applying the 'unreasonable application' clause, a reviewing court must be careful not to substitute its own judgment for that of the state court . . . ." *Harris v. Haeberlin*, 526 F.3d 903, 910 (6th Cir. 2008). Under AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

## B.    Analysis

### 1.    The District Court Did Not Abuse Its Discretion In Denying Williams an Evidentiary Hearing

Williams argues that the district court erred by failing to grant an evidentiary hearing or by failing to remand to the state court for such a hearing. "We review a district court's denial of a habeas evidentiary hearing for an abuse of discretion." *Muniz*, 647 F.3d at 625 (citation omitted). "Under 28 U.S.C. § 2254(e)(2), if [a petitioner] for habeas relief 'has failed to develop the factual basis of a claim in State court proceedings,' a district court may not grant an evidentiary hearing on the claim unless the [petitioner] shows that:

> (A) the claim relies on –
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense."

*Robinson v. Howes*, 663 F.3d 819, 823-24 (6th Cir. 2011) (quoting 28 U.S.C. § 2254(e)(2)(A)-(B)).

"The strictures of § 2254(e)(2)(A)-(B) do not apply, however, where [a petitioner] has not failed to develop – i.e., has been diligent in developing – the factual basis of his claim in state court." *Robinson*, 663 F.3d at 824 (citing *Michael Williams v. Taylor*, 529 U.S. 420, 432 (2000)). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Michael*

*Williams*, 529 U.S. at 435. "A petitioner whose efforts to develop his claims were rebuffed by the state court may still be deemed 'diligent.'" *Richey v. Bradshaw*, 498 F.3d 344, 351 (6th Cir. 2007) (quoting *Michael Williams*, 529 U.S. at 435). "Where an applicant has been diligent, the decision to grant an evidentiary hearing is left to the district court's sound discretion." *Robinson*, 663 F.3d at 824 (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (noting that AEDPA did not change the "basic rule" that the decision to grant an evidentiary hearing is left to the discretion of the district courts, though AEDPA deference should guide the decision)).

As a preliminary matter, the district court did not rule on whether 28 U.S.C. § 2254(e)(2) precluded an evidentiary hearing because the district court concluded that "even if the statute did not bar an evidentiary hearing, the [c]ourt would exercise its discretion not to hold a hearing." We hold that 28 U.S.C. § 2254(e)(2) does not bar an evidentiary hearing here because Williams met the requirement that a defendant make "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court . . . ." *Michael Williams*, 529 U.S. at 435. Indeed, prior to requesting an evidentiary hearing before the district court, Williams sought an evidentiary hearing in his Motion for Relief from Judgment pursuant to Michigan Court Rule 6.500 before Judge Kenny in state court.

Judge Kenny did not deny Williams an evidentiary hearing because he "failed to develop . . . the factual basis of his claim . . . ." *Robinson*, 663 F.3d at 824 (citing *Michael Williams*, 529 U.S. at 432). Williams was sufficiently diligent in trying to develop the factual basis of his ineffective assistance of counsel claim in state court, even though he was ultimately unsuccessful in doing so. Accordingly, 28 U.S.C. § 2254(e)(2) does not categorically bar Williams' request for an evidentiary hearing.

With respect to the issue of whether the district court then abused its discretion in denying Williams' request for an evidentiary hearing, the district court did not do so. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro*, 550 U.S. at 474. "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record [or] inherently incredible." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

Here, the district court determined that an evidentiary hearing was unnecessary because it found implausible "Williams' argument that he withdrew his plea[] based upon Barnett's bad advice about the Prosecution's [o]ne-[s]hooter Theory." The district court highlighted two parts of the record that made Williams' claim implausible. First, Williams previously explained to the state courts, on direct appeal, why he withdrew from his plea agreement; this explanation did not mention erroneous advice regarding the prosecutor's inability to put forth a "one-shooter" theory. Second, when Williams' trial counsel raised the theory during a motions hearing prior to the commencement of the second trial, counsel told the judge that he was "making it up," and that he wouldn't even "bother to brief it."

The district court's decision, bolstered by the aforementioned points, does not amount to an abuse of discretion. Williams' ineffective assistance of trial counsel claim is indeed contradicted by the record in numerous ways. As previously mentioned, Williams earlier provided an explanation of his plea withdrawal that is at odds with his current argument premised on bad advice about the one-shooter theory. The district court stated: "If, as petitioner now claims, his trial counsel had actually advised [Williams] that he should withdraw his pleas because the prosecution would be stuck with the Prosecution's [o]ne-[s]hooter Theory at his re-

trial, [Williams] surely would have pointed that fact out to the state appellate court in his *pro se* brief." Moreover, Barnett's representations to the trial court suggest that he himself found little veracity in the advice that he purportedly gave to Williams regarding the one-shooter theory. If Barnett did not believe this theory had merit, it is unlikely that he would have encouraged Williams to withdraw from his plea agreement on the basis of it. Taken together, these points thoroughly support the district court's determination that William's claim of ineffective assistance of counsel, as it relates to purported erroneous advice given by Barnett, was implausible. Accordingly, we affirm the district court's decision to deny Williams' request for an evidentiary hearing because it was not an abuse of discretion.

## 2. Williams Was Not Denied Due Process

Williams argues that he was denied due process when the state trial court erroneously stated that it was procedurally barred from considering his ineffective assistance of counsel claim related to advice about the prosecution's mandatory adherence to the one-shooter theory. For the reasons that follow, this argument misses the mark.

In rejecting Williams' ineffective assistance of counsel claim based on trial counsel's alleged erroneous advice that the prosecution would be limited to the one-shooter theory at a second trial, the district court concluded that the state trial court, in denying Williams Rule 6.500 motion, addressed the claim on the merits. The district court further noted that "Judge Kenny did not unreasonably apply *Strickland* when he declined to grant relief based on [Williams'] claim that he withdrew his plea because his trial counsel provided him erroneous advice concerning the Prosecution's one-shooter theory." The district court then proceeded to address the merits, and in applying AEDPA deference, found that Williams made no offer of proof that he withdrew his

plea because of counsel's erroneous advice regarding the one-shooter theory, and thus the trial court was justified in denying relief on this claim.

Under Sixth Circuit precedent, the district court erred by applying AEDPA deference to Williams' claim of ineffective assistance of counsel with respect to trial counsel's advice pertaining to the one-shooter theory. *See Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (holding that, to the extent no state court had decided the claim in question, the claim would be subject to de novo review). AEDPA deference was deemed inappropriate in *Maples* because the Michigan courts declined to evaluate the merits of the petitioner's federal ineffective assistance of counsel claims. *Id.* at 435-36; *see also People v. Maples*, No. 196975, 1997 WL 33339368, at *1 (Mich. Ct. App. Nov. 4, 1997), *aff'd*, *People v. Maples*, 584 N.W.2d 738 (1998). Here, Judge Kenny's statement regarding the absence of evidence was premised on, and made within the context of, an ineffective assistance of counsel claim pertaining to a strategy of attacking the Detroit Police Department's investigation, not an ineffective assistance of counsel claim regarding the advice trial counsel gave on the prosecution being limited to the one-shooter theory. The district court's holding on this issue was therefore incorrect, and thus, the district court erred in concluding that Williams' new ineffective assistance of counsel claim had been addressed on the merits. When "the state court [does] not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply." *Maples*, 340 F.3d at 436 (citing *Williams v. Coyle*, 260 F.3d 684, 706 (6th Cir. 2001)).

However, the consequence of that error is that the claim may be reviewed *de novo* by this court – the error does not constitute a denial of due process. As the State correctly notes in its brief, no authority supports the argument that a procedural mistake by a state court that is later

10

erroneously endorsed by the district court amounts to a denial of due process. Therefore, we affirm the district court's decision with respect Williams' due process claim.

### 3. Williams Was Not Denied Effective Assistance Of Trial Counsel

Williams also maintains that the district court erred in concluding that the state court's denial of his ineffective assistance of counsel claims was not an unreasonable application of *Strickland.* The Supreme Court has held that defendants have a Sixth Amendment right to counsel that extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "During plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). In *Hill v. Lockhart*, the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. 52, 58 (1985). The performance prong of *Strickland* requires a defendant to show "'that counsel's representation fell below an objective standard of reasonableness.'" *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish *Strickland* prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163 (citation omitted); *see also Hill*, 474 U.S. at 59 ("The . . . 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.").

In *Lafler*, the Supreme Court further qualified the standard for ineffective assistance of counsel claims with respect to a defendant's rejection of a plea, when "[h]aving to stand trial, not choosing to waive it, is the prejudice alleged." *Lafler*, 566 U.S. at 163-64. The Court noted as follows:

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164.

Applying *de novo* review, and for the reasons mentioned in Section 1 of this opinion, Williams has failed to demonstrate that trial counsel was ineffective for advice leading to the plea withdrawal. The record lacks any evidence that Barnett ever believed the prosecution would be estopped from pursuing an aiding-and-abetting theory. Furthermore, nothing in the record suggests that Barnett thought of this argument early enough to advise Williams on it. Lastly, Williams signed a pleading in state court explaining why he withdrew his plea, and this pleading wholly fails to mention reliance on erroneous advice from trial counsel regarding a "one-shooter" or aiding-and-abetting theory.

The evidence in the record refutes Williams' ineffective assistance of trial counsel claim as it relates to the plea withdrawal. Accordingly, as Williams has failed to meet the deficient performance prong of *Strickland*, we need not analyze the prejudice prong. The district court's decision on this issue is affirmed.

### 4. Williams Was Not Prejudiced By Ineffective Assistance of Appellate Counsel

Williams next argues that his appellate counsel's performance was deficient because he failed to raise the claims regarding his trial counsel's deficient performance on direct appeal. AEDPA deference applies to this claim because the state court addressed it on the merits. *See Harrington*, 562 U.S. at 101. As previously mentioned, this means that a "habeas corpus petition filed by a state prisoner shall be denied with respect to any claim that was 'adjudicated on the

merits in State court' unless the petitioner can demonstrate that the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law' or involved an 'unreasonable determination of the facts.'" *Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017) (quoting 28 U.S.C. § 2254). "[T]he state court's decision must have been more than incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Rather, "[t]he state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (quoting *Terry Williams*, 529 U.S. at 409).

"AEDPA deference is made more deferential still where the underlying substantive law requires this court to defer to another reasoned decision-maker on review." *Kelly*, 846 F.3d at 831. "Claims of ineffective assistance of appellate counsel are subject to the *Strickland* test, which requires a defendant to show both deficient representation and prejudice." *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009) (citing *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008)). Under *Strickland*, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. "[T]his is a deferential standard that is challenging for a claimant to meet." *Kelly*, 846 F.3d at 831.

Where a state habeas petitioner's claims are subject to AEDPA, *Strickland*'s deferential standard "is raised even higher, as the petitioner must show that the state court's application of *Strickland* was itself unreasonable." *Id.* at 832. This amounts to a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (internal quotation marks omitted). Stated differently, AEDPA mandates that the court "take a highly deferential look at counsel's performance through

13

the deferential lens of § 2254(d)." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (internal quotation marks omitted).

With respect to whether appellate counsel was ineffective for failing to raise on appeal trial counsel's inaccurate advice related to the one-shooter theory, Judge Kenny concluded that the "contention is without merit because the appellate counsel's decision to winnow out weaker arguments and focus on those more likely to prevail is not evidence of ineffective assistance." Judge Kenny further stated that the court "will not second-guess strategies appellate counsel employed." Moreover, Williams did not give the state court or the district court reason to believe that appellate counsel knew, or should have known, that Williams' trial counsel gave erroneous advice regarding the one-shooter theory. Under the doubly-deferential lens of AEDPA and *Strickland*, Williams has not demonstrated that his appellate counsel rendered deficient performance. Williams cannot shift the burden of trial counsel's possible failings to his appellate counsel. We therefore affirm the district court's decision denying Williams' claim for ineffective assistance of appellate counsel.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's decision.