**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2774
_____

UNITED STATES OF AMERICA

v.

JOSEPH MASSIMINO, also known as Mousie,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:09-cr-00496-004)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 8, 2020
_____

Before:  CHAGARES, HARDIMAN, and MATEY, <u>Circuit Judges</u>

(Filed: September 11, 2020)

_____

OPINION[*]
_____

---

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Joseph Massimino was sentenced to 188 months of imprisonment after being convicted of conspiracy to participate in a racketeering enterprise in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). He now challenges the District Court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We will affirm.

I.

We write only for the parties, so our summary of the facts is brief. In January 2011, Massimino was indicted for participating in a racketeering enterprise. He and six other defendants proceeded to trial, which lasted over four months. The jury convicted Massimino of RICO conspiracy, but was unable to reach a unanimous verdict on three counts relating to conducting an illegal gambling business. Massimino was sentenced to 188 months of imprisonment. On direct appeal, we affirmed his conviction and sentence. See United States v. Massimino, 641 F. App'x 153 (3d Cir. 2016).

After his unsuccessful direct appeal, Massimino filed a motion under 28 U.S.C. § 2255, alleging that his trial counsel, Joseph Santaguida, was ineffective on multiple grounds. Relevant here is Massimino's claim that Santaguida was ineffective by sleeping through a substantial portion of the trial. The District Court permitted limited discovery and held five days of evidentiary hearings, during which seven witnesses testified.

The District Court ultimately denied Massimino's motion, finding, inter alia, that "Massimino has failed to adduce sufficient evidence to show that Santaguida fell asleep during the trial, either for a substantial portion of the trial or at a critical point in the

2

trial." Joint Appendix ("J.A.") 32–33. Based on these findings, the court held that (1) "prejudice cannot be presumed . . . such that Massimino was effectively denied representation," J.A. 35, under the Supreme Court's decision in United States v. Cronic, 466 U.S. 648 (1984); and (2) in the absence of presumed prejudice, his ineffectiveness claim under Strickland v. Washington, 466 U.S. 668 (1984), fails because he did not "show specifically how he was prejudiced by any inattentiveness by Santaguida such that there is a substantial likelihood that the outcome of the trial would have been different," J.A. 35.

Massimino timely sought leave to appeal and we granted a certificate of appealability as to "whether the District Court erred in denying [Massimino's] claim that counsel was ineffective by allegedly sleeping at various times during trial." Certificate of Appealability, United States v. Massimino, No. 19-2774 (3d Cir. Dec. 17, 2019).

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 2255, and we have jurisdiction under 28 U.S.C. §§ 1291, 2253(a), and 2255(d). When reviewing the denial of a § 2255 motion, we examine "legal determinations de novo, factual findings for clear error, and matters committed to the District Court's discretion for abuse thereof." United States v. Doe, 810 F.3d 132, 142 (3d Cir. 2015).

III.

The District Court found that Massimino's trial counsel was not asleep for a substantial portion of the trial or for any critical portion, and on that basis denied his ineffectiveness claim. Massimino argues that this was error, but we disagree.[1]

At the outset, we note that the District Court's factual findings as to if and for how long Santaguida slept are reviewed for clear error. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). It does not matter whether we "would have weighed the evidence differently," if the district court's "account of the evidence is plausible." Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985). Indeed, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id.

---

[1] Most claims of ineffective assistance of counsel are governed by the test set forth in Strickland, where a defendant must show both that counsel's performance was deficient, and that the deficient performance resulted in prejudice to the defendant. 466 U.S. at 688, 694. But in Cronic, the Supreme Court recognized a narrow exception to Strickland's prejudice requirement, where "circumstances [] are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466 U.S. at 658. Although we have not yet considered whether Cronic's presumption of prejudice applies when defense counsel falls asleep, we need not do so at this time because it is not necessary to our holding today. Rather, we assume without deciding that it does, and use the standard set forth by our sister Courts of Appeals which have considered the issue: that a defendant is entitled to a Cronic presumption of prejudice where counsel was asleep for a substantial portion of the trial or at a critical point in the trial. See United States v. Ragin, 820 F.3d 609, 619 (4th Cir. 2016) (collecting cases).

Based on the testimony presented at the hearing, the District Court determined that "Massimino has failed to show that Santaguida slept at a critical time or during a substantial portion of the trial such that Massimino was effectively denied representation." J.A. 35. In so finding, the District Court evaluated the testimony of four witnesses. First, the court determined that two individuals participating at trial did not observe Santaguida sleeping. The first, Special Agent John Augustine, "was present for all but one or possibly two days of the trial," "observed what was happening at the defense table," and "only once during the trial did he see Santaguida with his eyes closed, appearing to have 'nodded off.'" J.A. 32; see also J.A. 565–66, 570, 573. Second, Lawrence O'Connor, who represented a co-defendant at trial, testified that while "he was not in the best position to observe Santaguida (because he was seated in front of Santaguida during trial)," O'Connor "never saw Santaguida sleeping during the trial, never heard him snoring, and [] no one reported any such incidents to him." J.A. 32; see also J.A. 546–47, 560–61. The District Court found that the testimony of these witnesses was credible. Cf. J.A. 33 (District Court finding that "Augustine saw Santaguida with his eyes closed only once, despite observing the defense table during the trial" and "O'Connor never saw or heard Santaguida sleeping").

By contrast, Massimino testified that Santaguida "'slept every day' during trial," and that either Massimino or his co-defendant "would kick Santaguida's chair to wake him." J.A. 32; see also J.A. 465 (Massimino testifying that "[s]ometimes [Santaguida] would snore"). Edwin Jacobs, an attorney representing a co-defendant, sat next to Santaguida throughout the trial. Jacobs testified, with regard to the four-day trial weeks,

5

"I'm sure there were weeks when [Santaguida sleeping] happened once and weeks where it happened twice and probably weeks when it happened three times[, but] I can't say it ever happened daily. And maybe there were weeks when it didn't happen." J.A. 509. But the District Court found this testimony less credible: "Massimino's and Jacob's testimonies do not accord because Jacobs never noticed Massimino wake Santaguida. Importantly, Jacobs never reported to the Court, to other counsel, or to any professional board his concerns about Santaguida sleeping, although he would have had a duty to do so." J.A. 33.

Given the District Court's detailed factual findings and reasonable credibility determinations, we are not "left with the definite and firm conviction that a mistake has been committed." U.S. Gypsum Co., 333 U.S. at 395. Yet Massimino still contends on appeal that the District Court committed clear error, because "[t]estimony that [Santaguida] slept repeatedly during the trial was uncontradicted by witnesses at the evidentiary hearing." Massimino Br. 22. This argument essentially amounts to disagreements with the District Court's factual findings and credibility determinations.[2] But as the Supreme Court has cautioned, a "reviewing court oversteps the bounds of its duty . . . if it undertakes to duplicate the role of the lower court," because our "function is

---

[2] For example, Massimino claims that "[i]t was unanimous that [Santaguida] slept often, that he snored and that this was a regular naptime while court was in session." Massimino Br. 13. But this assertion is belied by the record. Indeed, while this may have been the testimony of Massimino, Agent Augustine's and O'Connor's testimony are certainly not "unanimous" on those points. See, e.g., J.A. 570 (Augustine testifying that he saw Santaguida fall asleep once during the four-month trial, for a "period of minutes"); J.A. 546–47, 560–61 (O'Connor testifying that he neither saw Santaguida sleeping, nor heard him snoring during the trial).

6

not to decide factual issues de novo." Anderson, 470 U.S. at 573.  So even if we agreed that Massimino's view of the facts was plausible, "the factfinder's choice between [two permissible views of the evidence] cannot be clearly erroneous."  Id. at 574.

The District Court did not commit clear error by finding that Massimino failed to show that Santaguida fell asleep for a substantial portion of, or at a critical point during, the trial, such that the Cronic presumption of prejudice is triggered.  Compare Ragin, 820 F.3d at 615–16, 619 (presuming prejudice where a juror saw defense counsel sleep nearly every day of two-week trial for thirty minutes at a time and every witness who testified stated that counsel was asleep at some point); Tippins v. Walker, 77 F.3d 682, 687–89 (2d Cir. 1996) (concluding defendant suffered prejudice where defense counsel "slept every day of the trial," including during the testimony of a "critical" prosecution witness and the "damaging" testimony of a co-defendant), with Muniz v. Smith, 647 F.3d 619, 623–24 (6th Cir. 2011) (declining to presume prejudice where a juror stated defense counsel slept for a "brief period" during an undetermined portion of the cross-examination of defendant).

And in the absence of presumed prejudice under Cronic, Massimino must show actual prejudice under Strickland for his ineffectiveness claim to succeed.  See Strickland, 466 U.S. at 694 (explaining that to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different").  Because he has not done so,

Massimino's claim fails.[3]

IV.

For these reasons, we will affirm the District Court's denial of Massimino's

§ 2255 motion.

---

[3]  We also deny Massimino's request to expand the certificate of appealability "to include the mental health portion of the argument" — that is, evidence of "Santaguida's sleep apnea and Alzheimer's disease," Massimino Br. 14 — most of which the District Court disallowed as irrelevant to the issue of whether Santaguida's performance was deficient. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Massimino does not satisfy this standard, instead rehashing a discovery dispute which the District Court resolved appropriately.  Nor do we address Massimino's argument — outside the scope of the certificate of appealability — that Santaguida had a medical condition which he did not disclose to Massimino because of a conflict of interest.  See 3d Cir. L.A.R. 22.1(b); see also Miller v. Dragovich, 311 F.3d 574, 577 (3d Cir. 2002) (refusing to address an argument that was outside the scope of the certificate of appealability).

8